## SAMUEL NEUBERGER ET AL.
### v.
## ALLEN B. ROUNTREE.

1. CONTRACT—SALE—REMEDIES ON FAILURE TO PAY.—In contract for sale and delivery of personal property at a specific and agreed price, when the vendor delivers the property in accordance with the conditions of the contract and the vendee refuses to pay for the same according to the contract, the vendor then has a choice of remedies; he can sue for and recover the contract price or he can reclaim the property and recover as damages for such breach the difference between the contract price and market value of the property at the time and place of delivery.

2. SAME—REMEDY ON FAILURE TO ACCEPT.—If the vendee refuses to *accept* the property and pay for the same under such a contract, the vendor can reclaim the property, and then, after having given notice to the vendee of his intention, he can proceed to sell the property to the best advantage and within a reasonable time, and recover as damages the difference between the net proceeds of sale and the contract price.

3. PLEADING—RECOVERY MUST CONFORM TO.—The plaintiff is bound by his pleadings and must recover, if at all, upon a case made out thereunder.

APPEAL from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed April 15, 1886.

Messrs. HAY & KNISPEL, for appellants; that a party can not treat the contract as binding and rescinded at the same time, cited Sumner v. Parker, 36 N. H. 449; Weeks v. Robie, 42 N. H. 316; Clarkson v. Mitchell, 3 E. D. Smith (N. Y.), 269; Jewett v. Petit, 4 Mich. 508; Hendricks v. Goodrich, 15 Wis. 679.

Messrs. TURNER & HOLDER, for appellee; that if a delivery is made in expectation of immediate payment, refusal so to do entitles the seller to reclaim the property, cited Owens v. Weedman, 82 Ill. 409; Hodgson v. Barrett, 33 Ohio, 63; 1 Parsons on Contracts, 7th Ed. 568; Bagley v. Findlay, 82 Ill. 526.

GREEN, J. Appellee sued appellants in an action of assumpsit in the St. Clair Circuit Court, and in a declaration of three special counts and consolidated money count, stated his cause of action, as follows:

In the first count, that defendants on December 19, 1883, at Nashville, Ill., bought of plaintiff twenty-seven head of mules at $127 each, and said mules were then and there delivered and were to be paid for by defendants; that defendants accepted said mules, but refused to pay for them. Second count is like first, except that it is alleged mules were to be delivered next day following sale. In the third count sale is alleged as in two preceding counts, delivery to defendants at Nashville, that defendants employed plaintiff to drive the mules to Belleville at their own risk, for which the defendants agreed to pay plaintiff $15, that plaintiff delivered the mules as last aforesaid but defendants refused to pay the $15, together with the price of the mules, and by reason thereof plaintiff was compelled to and did expend a large sum of money—$1,000—for feed, freights, care and attention and hired help in and about the delivery of the mules aforesaid, and at the conclusion of third count it is averred, by reason of defendants' refusal to receive, accept and pay for said mules, as aforesaid, that plaintiff was compelled to and did make re-sale of said mules at $1,000 less than the price agreed to be paid by defendants to plaintiff as aforesaid. To this declaration defendant pleaded the general issue, and specially, that plaintiff undertook to deliver at Belleville twenty-seven straight mules; plaintiff represented and warranted mules to be straight and serviceable, sound and marketable; breach of warranty, and failure of consideration, similar to general issue; replication traversing special plea; and upon such issue the cause was tried by the court and jury; no instructions were asked for or given; the jury rendered a verdict for plaintiff and assessed his damages at $300; defendants entered motion for new trial, which was overruled by the court and judgment rendered on verdict, to reverse which appellants took this appeal.

From an inspection of this record, it is quite obvious that no recovery under the common count was claimed, but the

only damages recoverable (if properly proven) were those specifically averred as arising in consequence of the various breaches. These specific damages were, first, the *loss* alleged to have been incurred in the *re-sale of the mules* made neces- sary by the refusal of defendants to *receive, accept* and *pay for the mules*, and, second, *for money expended* by plaintiff for *feed, freights, care* and *attention* and *hired help* in and about the delivery of said twenty-seven mules under the employ- ment by defendants of plaintiff to drive and deliver said mules at Belleville, as alleged in said third count, and which delivery plaintiff avers he made. We think plaintiff failed to prove any damages occasioned by loss incurred by reason of a re-sale of the mules as alleged, recoverable under the law. The only evidence upon this point is his own testimony, viz: " I re-sold them for $187.50 less money than I had the first time," and again—" difference on sale of twenty-five head of mules $187- .50; two mules yet on hand and crippled $275; by sale of above mules $51—that is what they brought at my sale when I left for Texas." This evidence did not come up to the require- ments of the law conceding the sale and delivery of the mules to have been completed at Nashville as alleged in the first count and third count, and that defendants then refused to pay plaintiff for them and thus broke their contract. Plaintiff then had a choice of remedies; he could sue for and recover the contract price (and in this case there is nothing indicating this would not have been a complete and adequate remedy) or he could reclaim the mules and recover as damages for such breach the difference between the contract price and market value of the mules at the time and place of delivery. 2d Wait's Actions and Defenses, 460; Bagley v. Findlay, 82 Ill. 525; Burnham v. Roberts, 70 Ibid. 19.

If defendants refuse to *accept* said mules and pay plaintiff for them, as alleged in second count, upon completion of sale plaintiff could have reclaimed the property, and then, *after having given notice to defendants* of his intention, he could have proceeded to sell said mules to the best advantage, and within a reasonable time, and recover as damages the differ- ence between net proceeds of sale and contract price. In

Bagley v. Findlay, *supra*, it is said: "When a vendee of goods sold at a specific price refuses to take and pay for the goods, vendor may store the goods for *vendee*, give him notice he has done so, and recover the full contract price; or he may keep the goods and recover the excess of the contract price over and above the market price of the goods at the time and place of delivery; or the vendor may (giving notice to vendee) proceed to sell the goods to the best advantage, and recover from vendee the loss, if goods fail to bring amount of contract price. In such case vendor becomes agent for vendee, etc."

Story on Sales, 2d Ed., 436, also, and other authorities, state the rule as above, in an action of assumpsit. Inasmuch as plaintiff fails to prove notice to defendants of his intent to re-sell the mules after he took possession subsequent to sale to defendants, or that he did re-sell them within reasonable time thereafter, or that such re-sale was fair, he can not recover the difference between the price under contract and the sum the mules were re-sold for as damages for the alleged breach of contract in refusing to receive, accept and pay for said mules. The case cited by appellee of Owens v. Weedman, 82 Ill. 409, was a suit in trover and not in point. The circuit court erred also in admitting in evidence against the objection of defendants below the memorandum read to the jury to prove the remaining special damages alleged, viz.: money expended by plaintiff for feed, freights, care, attention and hired help in and about the delivery at Belleville of said mules by plaintiff. This memorandum was clearly incompetent under the rule governing the admission of written memoranda of past transactions made by a party to the record. It was also irrelevant for the purpose it was offered, which was to prove the expenditure of money for the matters of care, feed, freight, etc., above stated, in and about the delivery at Belleville under a contract (as alleged in third count) by plaintiff with defendants to so deliver said mules, and averred to have been fully performed by plaintiff. This expenditure was claimed as damages for the breach of this contract by defendants, but plaintiff *denied* in his testimony making a con-

tract with defendants to deliver these mules to them at Belleville, and the items of expense in this memorandum were not for money necessarily expended *in and about such delivery*, but for buggy hire, railroad fare, feed and pasturage, care, medicine, etc., not authorized by or contracted to be paid for by defendants, so far as appears from the evidence. The plaintiff is bound by his pleading; he can not aver the making of a specific contract between him and defendants, performance on his part, breach by and damage to him by reason of such breach, and be permitted to recover damages upon proof he did not make such contract, did not perform or undertake to perform such contract, and was damaged, if at all, by paying out money for purposes not authorized by defendants. It is unnecessary to discuss the question of the rescission of contract of sale claimed by appellant to have occurred, and denied by appellee. Admitting the view of the latter on this point to be correct, yet for the error of the court below in admitting incompetent and irrelevant evidence in overruling defendants' motion for a new trial, and in rendering judgment on the verdict, such judgment must be reversed and the cause remanded.

Reversed and remanded.